# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| KETHAIN TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 2:18-cv-02472-JDT-cgc |
| | ) | |
| STATE OF TENNESSEE, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER DISMISSING COMPLAINT,
## CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
## AND NOTIFYING PLAINTIFF OF APPELLATE FILING FEE

On July 11, 2018, Plaintiff Kethain Taylor, who is incarcerated at the Shelby County Criminal Justice Center in Memphis, Tennessee, filed a *pro se* civil complaint and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) The Clerk shall record the Defendants as the State of Tennessee and Leroy Springfield.

In his complaint, Taylor alleges he has been falsely charged with a crime based on Defendant Springfield's accusations. As a result, Taylor allegedly has lost his job, his apartment and his car. He alleges he is being detained under harsh conditions and that the case has "taken a toll" on his body and health. (ECF No. 1 at 2.) Taylor states the "State of Tennessee picked these charges back up even after the fact that I was dismissed once

before, because the victim 'mistakenly' identifed [sic] me in a Robbery charge." (*Id.*) He asks that the State be required to compensate him for his financial losses if the charge is dismissed a second time and that he be awarded monetary damages for the pain and suffering he is enduring while awaiting trial. (*Id.* at 3.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a

"'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

Taylor's complaint is filed pursuant to 42 U.S.C. § 1983, which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

Taylor's claims against the State of Tennessee and are barred by sovereign immunity. The Eleventh Amendment to the United States Constitution provides that "[t]he

Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment has been construed to prohibit citizens from suing their own states in federal court. *Welch v. Tex. Dep't of Highways & Pub. Transp.*, 483 U.S. 468, 472 (1987); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see also Va. Office for Protection & Advocacy v. Stewart*, 131 S. Ct. 1632, 1638 (2011) ("A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." (citations omitted)). Tennessee has not waived its sovereign immunity. *See* Tenn. Code Ann. § 20-13-102(a). Moreover, a state is not a person within the meaning of 42 U.S.C. § 1983. *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

Taylor also cannot hold Defendant Springfield, who it appears is a private citizen, liable for the violation of his constitutional rights because there is no allegation that he acted under color of state law for purposes of § 1983. Generally, to be considered to have acted under color of state law, an individual must be a state or local government official or employee. A private party may act under color of state law to establish the first element of this cause of action only when the party "acted together with or . . . obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982).

An individual also may be considered a state actor if he or she exercises powers traditionally reserved to a state. *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 352 (1974). However, the mere fact that Defendant Springfield identified Taylor as the perpetrator of a crime does not transform him into a state actor.

To the extent Taylor may be asking this Court to intervene in his ongoing criminal proceeding, the Court cannot do so. Under the Anti-Injunction Act, 28 U.S.C. § 2283, "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." The Sixth Circuit has explained that "[t]he Act thereby creates 'an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined exceptions,' which are set forth in the statutory language." *Andreano v. City of Westlake*, 136 F. App'x 865, 879-80 (6th Cir. 2005) (quoting *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 286 (1970)). Federal injunctions against state criminal proceedings can be issued only "under extraordinary circumstances where the danger of irreparable loss is both great and immediate." *Younger v. Harris*, 401 U.S. 37, 45 (1971) (internal quotation marks and citation omitted). The Supreme Court has emphasized that

> [c]ertain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered "irreparable" in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by his defense against a single criminal prosecution.

*Id.* at 46. In this case, Taylor does not allege the type of extraordinary circumstances that would permit the Court to become involved in his state-court criminal matter.

For the foregoing reasons, Taylor's complaint is subject to dismissal in its entirety for failure to state a claim.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court finds that leave to amend is not warranted.

In conclusion, the Court DISMISSES Taylor's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Leave to amend is DENIED.

Pursuant to 28 U.S.C. §1915(a)(3), the Court must also consider whether an appeal by Taylor in this case would be taken in good faith. The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. Therefore, it is CERTIFIED, pursuant to 28 U.S.C. §1915(a)(3), that any appeal in this matter by Taylor would not be taken in good faith.

The Court must also address the assessment of the $505 appellate filing fee if Taylor nevertheless appeals the dismissal of this case. A certification that an appeal is not taken in good faith does not affect an indigent prisoner plaintiff's ability to take advantage of the installment procedures contained in § 1915(b). *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), *partially overruled on other grounds by LaFountain*, 716 F.3d at 951. *McGore* sets out specific procedures for implementing the PLRA, §§ 1915(a)-(b). Therefore, Taylor is instructed that if he wishes to take advantage of the installment procedures for paying the appellate filing fee, he must comply with the procedures set out in the PLRA and *McGore* by filing an updated *in forma pauperis* affidavit and a current, certified copy of his inmate trust account for the six months immediately preceding the filing of the notice of appeal.

For analysis under 28 U.S.C. § 1915(g) of future filings, if any, by Taylor, this is the first dismissal of one of his cases as frivolous or for failure to state a claim. This "strike" shall take effect when judgment is entered. *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015).

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

                                                 s/ **James D. Todd**
                                                 JAMES D. TODD
                                                 UNITED STATES DISTRICT JUDGE